McHugh, J.
Plaintiffs first claim is that he was discharged in violation of G.L.c. 15 IB, §4(1) because of his gender. Although he points to a statement by the defendant’s president, Richard Brooks, to the effect that children should be with their mother and to another statement by a supervisor, George Bognar, to the effect that he would still have his job had he not obtained custody of his children, the statute does not protect against employment discrimination because of parenthood.[1] Neither of the remarks, singly or in the aggregate, suggests that plaintiff was fired because he was a man and there is no evidence elsewhere in the record that a woman with similar child-care problems and a similar persistent history of unsuccessful attempts to solve those problems was, or would have been, treated differently. See generally Matthews v. Ocean Spray Cranberries, Inc., 426 Mass. 122, 129-30 (1997). One may argue that what the defendant did was cruel and heartless. To that argument, there may be few successful rejoinders. But c. 15IB prohibits certain forms of discrimination. It does not contain a broad injunction against cruelty.
Plaintiffs second claim is based on a theory of promissory estoppel. The supervisor’s statement that plaintiff could take a week off to solve the child-care problem did not transform his at-will status into a contract for a definite term longer than one week. See generally, e.g., Upton v. JWP Businessland, 425 Mass. 756 (1997). Plaintiff could have been fired, for no reason at all, when he returned to work the following week whether or not he had successfully dealt with his child-care issues. There is, however, genuine issue of material fact whether the statement constituted promise that plaintiff would remain employed for the week he was on the child-care hunt. If it did, then plaintiff is entitled to whatever pecuniary damages flowed from terminating him during that week. In addition, to the extent that he can meet the criteria set out in Hadley v. Baxendale, 9 Ex. 341, 354-55, 156 Eng. Rep. 144, 150-51 (1854), he may be entitled to damages for emotional distress as well.
Finally, plaintiff claims that his discharge violated the federal Family and Medical Leave Act, 29 U.S.C. §2612(a)(1). It did not. The Act simply does not reach the situation this case presents.
ORDER
In light of the foregoing, it is hereby ORDERED that defendant’s Motion for Summary Judgment should be, and hereby is, ALLOWED as to Count One and Count three. Otherwise, the Motion is DENIED.

 It does prohibit such discrimination, in essence, in other contexts. See c. 151B, §§3B, 3C, 7B, 11, 13.